IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON LEE BENSHOOF, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE BOARD OF COUNTY ) <br> COMMISSIONERS OF GARFIELD ) <br> COUNTY; SHERIFF JERRY NILES; ) <br> and DETENTION OFFICER JOHN ) <br> MARKUS, ) <br> ) <br> Defendants. ) | Case No. CIV-16-113-R |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS**

and

**REPORT AND RECOMMENDATION**

Aaron Benshoof (Plaintiff), appearing pro se and seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983 against the Garfield County Board of Commissioners, Sheriff Jerry Niles, and Detention Officer John Markus, each in their individual and official capacities. Docs. 1, 2. He alleges violations of his Fifth Amendment right to due process and his Fourteenth Amendment right to equal protection. Doc. 1,

at 4-5.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

**I.    Plaintiff's allegations.**

Plaintiff alleges that on March 6, 2014, "the defendants[2] punished[3] [him] for missing a court date in a criminal proceeding" and did so by "t[elling] the public by cooperation of OK Jailbirds Publishing, that plaintiff

---

[1]   Page citations reflect this Court's CM/ECF pagination. Unless otherwise indicated, quotations are reproduced verbatim.

[2]   Plaintiff impermissibly lumps the three named Defendants together throughout his complaint without identifying precisely who allegedly did, and said, what. "It is particularly important [in a § 1983 case brought against a number of state actors sued in their individual capacity] that the complaint make clear exactly *who* is alleged to have done *what* to *whom* as distinguished from collective allegations." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2013) (citation, internal quotation marks, and ellipses omitted).

[3]   Plaintiff appears to ground this conclusory allegation on a characterization of statements purportedly made by the Defendants, once again, as a group. While he first maintains "the *instant* defendants" "informally" told him "the publicized lies were a punishment for missing a court appearance in general and was a way to deter citizen's from missing court in general," Doc. 1, at 2, he then quotes what he maintains "[t]he defendant entity and it's representatives" actually said: 'IF YOU WOULDN'T GET ARRESTED THEN IT WOULDN'T HAPPEN'......'THEN DON'T MISS COURT'." *Id.* at 3. Plaintiff does not identify who allegedly spoke for "the defendant entity." *Id.*

2

had been arrested for the crime of first degree burglary, instead of 'FAILURE TO APPEAR' in a court proceeding of which the warrant had stated." Doc. 1, at 2.[4] He maintains Defendants' action "caused him ridicule in front of the public eye" and characterizes the information as "lies of a defaming nature . . . ." *Id.*

Plaintiff further alleges this "has occurred (5) five times in the past, since 2012" and that "Defendants have stated that plaintiff has been arrested for 5 separate first degree burglaries"; as support, he refers to his complaint's

---

[4] In support of this allegation, Plaintiff points to his complaint's first exhibit, describing it as "a copy of the magazine article, containing the plaintiff" and stating "[t]hat plaintiff sought relief against the co-operative publisher, jailbirds, in which they aren't culpable party. JailBirds simply published what was sent to them from the instant defendants." Doc. 1, at 2. The exhibit is a single page, titled "Garfield County" and dated April 2014, with photos that include one labeled "Aaron Benshoof Burglary-1st Degree." *Id.* Ex. 1, at 2. A "Key of Charges" is also on the page as is, in part, the following:

> OK Jailbirds is a publication of OK Jailbirds L.L.C. and the contents therein are copyright 2014 by OK Jailbirds L.L.C. All rights are reserved.
>
> All content provided to OK Jailbirds is deemed to be in the public domain. OK Jailbirds only compiles information from public records for public consumption. OK Jailbirds assumes all records are accurate but does not guarantee accuracy. Corrections or complaints should be made to the department or agency providing said records . . . .

*Id.*

third exhibit and states "this exhibit displays the punishment five times." *Id.* at 3.[5]

Plaintiff acknowledges Defendants have an obligation under the Oklahoma Open Public Records Act to provide information to the public but maintains they "owe the authoritive duty . . . to provide correct arrest information"[6] and asserts "[t]hat in general, defendant's acts of publicizing

---

[5] The third exhibit is a copy of Plaintiff's state court petition in an action he describes as his "libel suit in Garfield County, which the acts complained on are as same to the instant." Doc. 1, at 6. Based on the undersigned's review – and excluding Plaintiff's own references in various filings – three attachments to Exhibit 2 to Plaintiff's state court petition contain references to Plaintiff and first degree burglary.

Attachment One to Exhibit 2 is a copy of a printout captioned "From 3-5-2014 To 3-11-2014." Doc. 1, Ex. 3, at 16. The word "jailbirds" is on the printout as is a picture of an individual identified as "Benshoof, Aaron Lee," with a March 3, 2014 booking date, a March 10, 2014 release date, and a "Charge Description" listing first degree burglary, aggravated assault and battery, DUI, and "driving under revoke." *Id.* It is identical to Exhibit 2 to Plaintiff's complaint in this Court. Doc. 1, Ex. 2.

Attachment Two to Exhibit 2 is identical to Plaintiff's first exhibit to his complaint in this Court. Doc. 1, Ex. 3, at 18. As previously addressed, this April 2014 document references Plaintiff and first degree burglary. *See supra* n.1.

Attachment Six to Exhibit 2 is a copy of a publication titled "Your Local Source for Recently Arrested OK Jailbirds," dated November 2011, with a picture labeled "Aaron Benshoof Burglary – First Degree." Doc. 1, Ex. 3, at 33-34. Plaintiff admits he "was arrested once for a first degree burglary in 2011 . . . ." Doc. 1, at 3.

[6] As support for this allegation, Plaintiff points to the fourth and fifth exhibits to this complaint. Doc. 1, at 3. These exhibits are affidavits Plaintiff

4

false charging and criminal arrests, as a punishment for missing court and having any run-ins with the police in general, is unconstitutional." *Id.*

Additionally, Plaintiff states he "has brought the wrongful acts to the defendant board of commissioners repeatedly" through two tort claims and two civil complaints[7] and concludes the "*MONELL THEORY DOCTINE* is invoked." *Id.* He maintains Defendants Niles and Markus "are liable under *RESPONDEAT SUPERIOR and individual culpability . . . .*" *Id.*

Finally, Plaintiff states he "was arrested once for a first degree burglary in 2011 in which he was acquitted, upon evidence of innocence." *Id.*[8]

---

filed in connection with his state court libel action to demonstrate that the Defendants – once again, as a group – are "not working the . . . System correctly" because they are entering an arrestee's initial charge as opposed to "the correct warrant info or court movement . . . ." *Id.* Ex. 4, at 2-3 & Ex. 5, at 2-3.

[7] The undersigned recommends summary dismissal based on Plaintiff's failure to state a federal constitutional claim. In light of Plaintiff's allegation that he "has filed a libel suit in Garfield County, which the acts complained on are as same to the instant. Case of Garfield County, CJ-76-2015," Doc. 1, at 6, res judicata could also prove fatal to this claims.

[8] According to Plaintiff's appended state court petition, Doc. 1, Ex. 3, at 12, his 2011 arrest was on charges filed in Case No. CF-2011-675, District Court of Garfield County. That Court's public records show the State charged Petitioner by information filed in November 2011 on three counts: (1) burglary in the first degree, (2) aggravated assault and battery, and (3) driving under the influence of alcohol. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=cf-2011-675. (last accessed Feb. 29, 2016). The undersigned takes judicial notice of these public records. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of

## II. Plaintiff's application to proceed in forma pauperis is granted.

Plaintiff, who is not incarcerated, asks to proceed in this matter without prepayment of fees or costs. Doc. 2. The undersigned finds Plaintiff is unable to prepay the fees or costs for this proceeding and grants the application under 28 U.S.C. § 1915(a)(1). *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.").

## III. Required review under 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's in forma pauperis authorization, the court must "dismiss [his] case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." § 1915(e)(2)(B)(i), (ii); *see Salgado-Toribio v. Holder,* 713 F.3d

---

publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

The records show Plaintiff entered a plea of guilty to the DUI charge on April 15, 2013 and the State dismissed the first-degree burglary and aggravated assault and battery counts. The court imposed a one-year sentence, all suspended except for fifty-two weekends in the Garfield County Jail. The State subsequently filed an application to revoke that suspended sentence; on February 25, 2014, the district court judge signed a bench warrant due to Plaintiff's failure to appear, referencing each of the three counts. A deputy served Plaintiff with the warrant on March 6, 2014 and filed the return on March 11, 2014.

1267, 1270 (10th Cir. 2013) (The court "appl[ies] section 1915(e)'s . . . standard to both prisoner and non-prisoner litigation.").

A complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court is prohibited, however, from acting as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## IV. Analysis of Plaintiff's claims.

### A. Due process.

Plaintiff identifies three Fifth Amendment[9] due process violations: (1) Defendants made false accusations to the public to punish Plaintiff – a matter for "a formal court's discretion" – "for being arrested in general"; (2) this "punishment of false arrests charges . . . as occurred in March 2014 and on the 6th" and "others in the past" "is allowing the unjust inference of the public to perceive the plaintiff as criminal insane, mentally ill, and a career burglar" and "when a pattern of burglary arrests is projected [a]ny reasonable jurist[] would infer guilt to at least one of the separate burglary charges, when five arrests with charging have occurred"; and (3) the defendants had a duty to "inform[] the public of the plaintiff's correct arrest information . . . ." Doc. 1, at 4-5.

Accepting as true and broadly characterizing Plaintiff's factual allegations, Defendants Niles and Markus – following Garfield County Detention Center policy – provided incorrect arrest information that OK Jailbirds then published, showing the arrest of Plaintiff for first-degree

---

[9] Plaintiff's complaints are with state, not federal, actors, and the undersigned considers these claims under the Fourteenth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States" from deprivation without due process.)

8

burglary when, in fact, Plaintiff's arrest was for failure to appear. Plaintiff claims violations of his due process rights but does not affirmatively allege that Defendants' actions violated procedural due process, substantive due process, or both. In any event, his allegations are insufficient state a cognizable procedural or substantive due process claim.

### 1. Procedural due process.

"To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Merrifield v. Bd. of Cty. Comm'rs for the Cty. of Santa Fe*, 654 F.3d 1073, 1078 (10th Cir. 2011) (citation omitted). Plaintiff's claims fail at the first step.

In *Paul v. Davis*, the Supreme Court considered a plaintiff's claim brought under § 1983 that police officers violated procedural due process when they erroneously placed plaintiff's name and photograph on a flyer with the caption "Active Shoplifters" that was then distributed to local area merchants. 424 U.S. 693, 695-97 (1976). The Court concluded the claim was not cognizable under the Fourteenth Amendment, explaining that Plaintiff's "interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of

those interests by means of damages actions" "even where as here [the injury is] inflicted by an officer of the State." *Id.* at 712. The officers' "defamatory publications, however seriously they may have harmed [the plaintiff's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause." *Id.*

### 2. Substantive due process.

"In its substantive mode, the Fourteenth Amendment provides protection against arbitrary and oppressive government action, even when taken to further a legitimate governmental objective." *Seegmiller v. Laverkin City*, 528 F.3d 762, 767 (10th Cir. 2008). Government action violates substantive due process when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citation omitted). Defendants' actions as alleged by Plaintiff – incorrectly providing information under Oklahoma's open records laws by inputting an arrestee's initial charge as opposed to a current arrest warrant's charge – does not describe "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 848. Plaintiff fails to state a cognizable Fourteenth Amendment substantive due process claim.

### B. Equal protection.

Plaintiff claims Defendants violated his right to equal protection because he "was falsely alleged as being arrested for burglary" instead of for failure to appear while, per his Exhibit Six, Defendants "recognized that [Justin] Othier[10] was arrested" for failure to pay instead of for driving while intoxicated, the basis for Outhier's underlying arrest. Doc. 1, at 5.

"The Equal Protection Clause 'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Soskin v. Reinertson*, 353 F.3d 1242, 1247 (10th Cir. 2004) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

The *only* way in which Plaintiff – who, once again, lumps the named Defendants together – suggests he and Justin Outhier were "alike," *id.*, is that they both faced criminal charges in the District Court of Garfield County. Doc. 1, at 5. Plaintiff's Exhibit Six, however, affirmatively establishes a significant temporal distinction both in terms of procedure and personnel: Mr. Outhier's arrest occurred in 2015, one year later than his own.

---

[10] Based on a review of the public records of the District Court of Garfield County, it appears Plaintiff is referring to Justin Outhier. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&cmid=208893&number=CF-2008-573 (last accessed Feb. 29, 2016). By information filed on December 17, 2008, the State charged Mr. Outhier on two counts: (1) driving under the influence of alcohol and (2) transporting an open container. On April 23, 2015, the district court judge issued a bench warrant due to Mr. Outhier's failure to pay.

## V. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the summary dismissal of Plaintiff's complaint, Doc. 1, under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 21, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 29th day of February, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE